# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY SCOTT CANADY, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | NO. CIV-18-677-HE |
| ) | |
| JASON BRYANT, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner is a state prisoner seeking habeas relief pursuant to 28 U.S.C. § 2254. His petition was referred to Magistrate Judge Gary Purcell for initial proceedings. Judge Purcell has submitted a Report and Recommendation recommending that the petition be dismissed as untimely. Petitioner has objected to the Report. The court therefore reviews *de novo* those aspects of the Report to which objection was made.

## Background

Petitioner pled guilty to murder in the second degree in 2015. The state trial court sentenced him to 40 years in prison, with 15 years of the sentence suspended. Nearly two years later, in April of 2017, petitioner filed an application for post-conviction relief in the trial court. The court denied relief. A month later, petitioner filed a motion to withdraw his plea or for permission to appeal out of time in the trial court. The trial court denied relief, determining that he was aware of his appellate rights, but failed to seek any appeal or to withdraw his plea within the appropriate time period. Later in 2017, petitioner filed a second application for post-conviction relief, claiming that under Murphy v. Royal, 875 F.3d 896 (10th Cir. 2017), his conviction was void as he committed the crime on Indian

land. The trial court denied relief and the Oklahoma Court of Criminal Appeals affirmed, finding that petitioner's failure to raise the issues in earlier proceedings barred those claims.

Petitioner then filed this action, challenging his conviction based on Murphy, a claim of innocence, and two other claims.

**Analysis**

Judge Purcell concluded that petitioner's habeas petition was untimely and that there were no grounds for equitable or statutory tolling of the time limit. Petitioner's objection does not challenge the Report's time calculation or suggest a basis for statutory tolling, but appears to contend that a basis for equitable tolling does exist. He continues to rely on Murphy and also suggests he was not aware of the time limits applicable to his petition due to his mental incompetence

Applications for a writ of habeas corpus by a person in state custody must be filed within a one year period. That period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one year limitation is subject to equitable tolling where the prisoner can show that he pursued his rights diligently, and that his failure to timely file the action was "caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Petitioner arguably asserts that the Tenth Circuit's decision in Murphy constitutes such an extraordinary circumstance. Murphy concluded that the Creek Reservation has not been disestablished and that crimes taking place on Creek land are crimes committed in Indian Country. 875 F.3d at 937-38. However, as the Report noted, Murphy does not

2

purport to state a new rule of constitutional law, but instead applies existing rules to a particular area of the state. Further, as the Report also noted, petitioner's crimes were committed in Oklahoma County and Oklahoma County was not (or is not, depending on the ultimate result in <u>Murphy</u>)[1] part of the Creek Reservation. To the extent petitioner suggests that the <u>Murphy</u> decision applies to areas outside the Creek Reservation, and is hence potentially applicable to him, the argument fails. <u>Murphy</u> did not conclude that <u>all</u> reservations in Oklahoma continue to exist. Rather, it explicitly recognized that the status of particular reservations is determined on a case-by-case basis. *See id.* at 948. Therefore, for multiple reasons, the <u>Murphy</u> decision does not constitute the sort of "extraordinary circumstance" which would warrant equitable tolling even under the broadest reading of petitioner's argument and objection.

Petitioner's objection also suggests he did not timely file his petition due to his mental incompetence. However, allegations of mental incompetence, standing alone, are generally insufficient to warrant equitable tolling. <u>Wiegand v. Zavares</u>, 320 F. App'x 837, 839 (10th Cir. 2009) (unpublished). Here, there is no suggestion of a formal adjudication of incompetency, institutionalization for mental incapacity, or other circumstances that would constitute the sort of "exceptional circumstance" necessary to support equitable tolling.

The Report correctly concluded that no basis for tolling the one year time limit has been shown.

---

[1] *The Tenth Circuit's decision has been appealed to the U. S. Supreme Court.*

3

## Conclusion

As the petition was not timely filed and no basis for statutory or equitable tolling has been shown, the Report and Recommendation [Doc. #8] is **ADOPTED**. The petition is **DISMISSED**.

**IT IS SO ORDERED.**

Dated this 10th day of August, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE